IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LARRY ST. CLAIR WHETSTONE, | ) | |
| | ) | |
| | ) | 2:20-CV-01842-CCW |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| FRALEY AND SCHILLING TRUCKING COMPANY, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

Before the Court are cross-Motions for Summary Judgment filed by *pro se*-Plaintiff Larry St. Clair Whetstone ("Mr. Whetstone") and Defendant Fraley and Schilling Trucking Company ("Fraley"). For the reasons that follow, Plaintiff's Motion will be denied, and Defendant's Motion will be granted.

**I.   Background**

    **A.   Procedural History**

Mr. Whetstone, who is proceeding *pro se* and *in forma pauperis*, filed his Motion to Proceed *in forma pauperis* on November 27, 2020. ECF No. 1. The Court granted Mr. Whetstone's Motion to Proceed *in forma pauperis* on December 2, 2020, and his Complaint was docketed the same day. ECF Nos. 4 and 5. In his Complaint, Mr. Whetstone asserts claims for unlawful discrimination on the basis of race[1] and disability and retaliation in violation of the

---

[1] Mr. Whetstone alleges that Fraley gave injured white employees preferential treatment. *See* ECF No. 5 at 4, ¶ 12. While the Court cannot discern from the record precisely what racial group Mr. Whetstone is a member of, that fact is ultimately not necessary to the disposition of the pending Motions for Summary Judgment.

Americans with Disabilities Act, 42 U.S.C. §§ 12112 and 12203, and Title VII, 42 U.S.C. §§ 2000e-2 and 2000e-3. *See* ECF No. 5.

After Fraley filed an Answer to the Complaint, ECF No. 14, the parties proceeded into fact discovery, which closed on June 28, 2021. ECF No. 23. Following the Post-Discovery Status Conference, the Court set a schedule for the filing and briefing of Motions for Summary Judgment. ECF No. 34. Fraley filed its Motion for Summary Judgment on August 2, 2020; Mr. Whetstone filed his Motion on August 3. ECF Nos. 35 and 39. Both Motions have been fully briefed and are ripe for disposition.

### B. Mr. Whetstone Has Not Complied with LCvR 56

Under the Local Rules of the United States Court for the Western District of Pennsylvania, a motion for summary judgment must be accompanied by "[a] separately filed concise statement setting forth the facts essential for the Court to decide the motion for summary judgment, which the moving party contends are undisputed and material, including any facts which for purposes of the summary judgment motion only are assumed to be true." LCvR 56.B.1. Similarly, a response in opposition to a motion for summary judgment must be accompanied by a responsive concise statement which (1) admits or denies each fact set forth in the moving party's concise statement, (2) "set[s] forth the basis for the denial if any fact contained in the moving party's Concise Statement of Material Facts is not admitted in its entirety (as to whether it is undisputed or material), with appropriate reference to the record," and (3) sets forth any additional facts the non-moving party believes are at issue or are necessary for the court to decide the motion. LCvR 56.C.1.

"Courts in the Western District of Pennsylvania require strict compliance with the provisions of Local Rule 56." *Thompson v. Slatzer*, No. 1:19-cv-00282-SPB-RAL, 2021 U.S. Dist. LEXIS 142285, at *3 (W.D. Pa. July 30, 2021) (Lanzillo, M.J.) (collecting cases), *report and*

*recommendation adopted by,* 2021 U.S. Dist. LEXIS 154993 (W.D. Pa. Aug. 17, 2021) (Baxter, J.). As a result, a party faces severe consequences for not properly asserting the factual basis for its motion in its own concise statement or responding to an opposing party's concise statement. *Hughes v. Allegheny Cty. Airport Auth.*, Civil Action No. 15-221, 2017 U.S. Dist. LEXIS 103819, at *1 (W.D. Pa. July 6, 2017) (Fischer, J.). Specifically, according to LCvR 56.E, material facts alleged in the moving party's concise statement *or* in the opposing party's responsive concise statement, "which are claimed to be undisputed, will for the purpose of deciding the motion for summary judgment be deemed admitted unless specifically denied or otherwise controverted by a separate concise statement of the opposing party." LCvR 56.E.

"While courts provide some leniency to pro se litigants when applying procedural rules, the Court 'is under no duty to provide personal instruction on courtroom procedure or to perform any legal chores for the [*pro se* litigant] that counsel would normally carry out.'" *Thompson*, 2021 U.S. Dist. LEXIS 142285, at * 4 (quoting *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244 (3d Cir. 2013) (internal quotation omitted)). Thus, *pro se* litigants may not "ignore procedural rules that apply to parties assisted by counsel." *Id.* (citing *McNeil v. United States*, 508 U.S. 106, 113 (1993) (explaining that "we have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel")).

Mr. Whetstone here failed to file either a concise statement of material fact in support of his Motion or a responsive concise statement of material fact in opposition to Fraley's Motion. Thus, the Court will deem the facts asserted by Fraley in its Concise Statement and Responsive Concise Statement, *see* ECF Nos. 37 & 42, to be admitted for purposes of resolving the pending Motions. That said, the Court will consider any "facts" asserted in Mr. Whetstone's briefing that specifically contradict facts asserted in Fraley's Concise Statement or Responsive Concise

Statement, but only to the extent a fact asserted by Mr. Whetstone is relevant and properly supported by the record. *See Thompson*, 2021 U.S. Dist. LEXIS 142285, at *4.

### C.      Material Facts

The following facts, drawn from Defendant's Concise Statement, ECF No. 37, and documents in the record, are undisputed:

Mr. Whetstone was employed as a flatbed truck driver for Fraley beginning in 2012. ECF No. 37 ¶ 1. On April 27, 2018, he sustained injuries from a collision between a tour bus and the truck he was driving. *Id.* ¶¶ 4-5. Mr. Whetstone received leave under the Family Medical Leave Act through July 26, 2018. *Id.* ¶ 7. Mr. Whetstone also received disability benefits through November 7, 2018. *Id.* ¶ 8. Mr. Whetstone was not released to return to work by his doctor due to his medical condition. *Id.* ¶ 9. On November 21, 2018, Mr. Whetstone received an e-mail from Fraley which, in addition to stating that Mr. Whetstone had exhausted his available leave, informed him that "[s]ince you are not able to return to work, our company will classify your employment as voluntarily terminated." ECF No. 39-1.

Mr. Whetstone filed a Worker's Compensation Claim that was adjudicated before a Worker's Compensation Judge on December 18, 2018. ECF No. 37 ¶ 9. Mr. Whetstone and Fraley resolved Mr. Whetstone's Worker's Compensation Claim through a Compromise and Release Agreement, which they executed on December 18, 2018. *Id.* ¶ 10; *see also* ECF No. 14-1. As part of the Compromise and Release Agreement, Mr. Whetstone also executed a Resignation from Employment Agreement. ECF No. 37 ¶ 10; *see also* ECF No. 14-1 at 17. In signing the Resignation from Employment Agreement, Plaintiff specifically agreed that

> Larry Whetstone hereby releases Fraley & Schilling, Inc. from any claim that he has or thinks he may have, if any, under the Family Medical Leave Act or any Pennsylvania laws related thereto; the Americans with Disabilities Act; or any

  Pennsylvania laws related thereto;  or any other claims that may arise from his April 27, 2018 work injury.

ECF No. 14-1 at 17.  In exchange for entering into the Compromise and Release Agreement and Resignation from Employment Agreement, Mr. Whetstone received a lump sum settlement related to his April 27, 2018 work related injury Worker's Compensation claim.  ECF No. 37 ¶ 13; ECF No. 14-1 at 9, ¶ 10.  Fraley, by entering into these agreements with Plaintiff, did not admit any liability for Mr. Whetstone's April 27, 2018 work injury.  ECF No. 14-1 at 6, ¶ 4.

  Mr. Whetstone was represented by counsel when he executed the Compromise and Release Agreement and the Resignation from Employment Agreement.  ECF No. 37 ¶¶ 11, 12.  Indeed, although Mr. Whetstone noted on the record at the hearing before the Worker's Compensation Judge that he believed Fraley had terminated his employment on November 1, 2018, he nonetheless signed both Agreements.  ECF No. 39-2;  ECF No. 14-1 at 15, 17.[2]

  Mr. Whetstone was examined under oath by the Worker's Compensation Judge, who concluded that Mr. Whetstone "understands the full legal significance of the Agreement and further finds that claimant understands the Compromise and Release Agreement and the effect that this Compromise and Release Agreement has on future payments of compensation and medical expenses."  ECF No. 14-1 at 3, ¶ 4.  Furthermore, the Worker's Compensation Judge concluded "[t]he Compromise and Release Agreement as agreed to by the parties and as adopted by this Worker's Compensation Judge is fair and equitable and supports claimant's entitlement to benefits and appropriate relief to the employer."  *Id.* at 4, ¶ 2.

---

[2] It appears that Mr. Whetstone believes the November 21, 2018, e-mail made his alleged termination by Fraley effective November 1, 2018.  Although the e-mail notes that the "twenty six (26) weeks of leave afforded to you under the Family & Medical Leave Act ended on November 1, 2018," it does not appear to retroactively date Fraley's categorization of Mr. Whetstone's employment as "voluntarily terminated" to November 1, 2018.  ECF No. 39-1.  Rather, the e-mail simply notes that Mr. Whetstone's available leave expired on November 1, and that, as a result of his inability to return to work, as of November 21, 2018, Fraley "classif[ied] [his] employment as voluntarily terminated."  *Id.*

Additionally, Mr. Whetstone contends that Fraley's "white drivers were offered temporary light duty work while getting hurt on the job." ECF No. 37 ¶¶ 18–19. At his deposition, Mr. Whetstone identified "Travis Haught," "Chuck," "John Bishop," and an unnamed individual as white employees who received light duty. *Id.* ¶¶ 20, 22, 23, and 24. However, Mr. Whetstone does not provide details regarding these employees, such as the nature of their medical conditions or job duties. *Id.* ¶¶ 19, 20, 21, and 22.

## II.    Standard of Review

To prevail on a motion for summary judgment, the moving party must establish that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A factual dispute is 'genuine' if the 'evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Razak v. Uber Techs., Inc.,* 951 F.3d 137, 144 (3d Cir. 2020) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, (1986)). "A factual dispute is 'material' if it 'might affect the outcome of the suit under the governing law.'" *Id.* (quoting *Anderson*, 477 U.S. at 248).

The burden to establish that there is no genuine dispute as to any material fact "remains with 'the moving party regardless of which party would have the burden of persuasion at trial.'" *Aman v. Cort Furniture Rental Corp.*, 85 F.3d 1074, 1080 (3d Cir. 1996) (quoting *Chipollini v. Spencer Gifts, Inc.*, 814 F.2d 893, 896 (3d Cir. 1987)). That said, "[i]f the non-moving party bears the burden of persuasion at trial, 'the moving party may meet its burden on summary judgment by showing that the nonmoving party's evidence is insufficient to carry that burden.'" *Kaucher v. County of Bucks*, 455 F.3d 418, 423 (3d Cir. 2006) (quoting *Wetzel v. Tucker*, 139 F.3d 380, 383 n.2 (3d Cir. 1998)).

Once the moving party has carried its initial burden, the party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material

6

facts…Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986).  Thus, while "[t]he evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor," *Anderson*, 477 U.S. at 255, "Rule 56(e)…requires the nonmoving party to go beyond the pleadings" and point to "'specific facts showing that there is a genuine issue for trial.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986) (citation omitted).  But, while the court must "view the facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor…to prevail on a motion for summary judgment, the non-moving party must present more than a mere scintilla of evidence;  there must be evidence on which the jury could reasonably find for the [non-movant]." *Burton v. Teleflex Inc.*, 707 F.3d 417, 425 (3d Cir. 2013) (internal citations omitted).

Where, as here, "cross-motions for summary judgment are filed, 'the court must rule on each party's motion on an individual and separate basis, determining, for each side, whether a judgment may be entered in accordance with the Rule 56 standard.'" *Reynolds v. Chesapeake & Del. Brewing Holdings, LLC*, Civil Action No. 19-2184, 2020 U.S. Dist. LEXIS 83633, at *6 (E.D. Pa. May 12, 2020) (quoting *Auto-Owners Ins. Co. v. Stevens & Ricci Inc.*, 835 F.3d 388, 402 (3d Cir. 2016)).

**III.     Discussion**

    **A.     Mr. Whetstone's Motion for Summary Judgment Will Be Denied**

As noted above, Mr. Whetstone did not file a concise statement of material facts in support of his Motion.  Mr. Whetstone's Motion therefore fails because he has not put forward a sufficient factual basis to establish that he is entitled to judgment as a matter of law.  At a minimum, to succeed on his Motion, Mr. Whetstone was required to point to undisputed evidence of the essential elements of each of his claims.  Mr. Whetstone has alleged claims for unlawful

discrimination and retaliation under the ADA and Title VII. *See* ECF No. 5. Thus, for his discrimination claims, Mr. Whetstone must point to undisputed evidence (direct or circumstantial) that Fraley took adverse action against him because of his race and/or disability. *See, e.g, EEOC v. Allstate Ins. Co.*, 778 F.3d 444 (3d Cir. 2015) ("Title VII, the ADEA, and the ADA proscribe discrimination in employment based on several personal characteristics") (citing 42 U.S.C. § 2000e-2 and § 12112); *Wishkin v. Potter*, 476 F.3d 180, 185 (3d Cir. 2007) ("'[T]he ADA, ADEA and Title VII all serve the same purpose—to prohibit discrimination in employment against members of certain classes'" and, therefore, finding *McDonnell Douglass* framework applicable to each) (quoting *Newman v. GHS Osteopathic, Inc.*, 60 F.3d 153, 157 (3d Cir. 1995)). Mr. Whetsone's retaliation claims require undisputed evidence that Fraley took adverse action against him because he engaged in protected conduct (i.e., opposed any practice made unlawful by, or filed a charge under, the ADA or Title VII). *See Krouse v. American Sterilizer Co.,* 126 F.3d 494, 500–01 (3d Cir. 1997) (summarizing retaliation provisions of ADA and Title VII).

Included with Mr. Whetstone's Motion are (1) an e-mail he received from Fraley on November 21, 2018, informing Mr. Whetstone that "[s]ince you are not able to return to work, our company will classify your employment as voluntarily terminated;" (2) a portion of the transcript of the parties' December 18, 2018, worker's compensation hearing, in which Mr. Whetstone indicated that it was his understanding that he was terminated by Fraley on November 1, 2018; and (3) the Resignation from Employment Agreement. ECF Nos. 39-1, 39-2, and 39-5.[3] This evidence fails to establish that Fraley discriminated or retaliated against Plaintiff in violation of the ADA or Title VII.

---

[3] Plaintiff also included his employee file and safety record. ECF Nos. 39-3 and 39-4. Neither is relevant to the Court's analysis here.

The plain language of the November 18, 2018 e-mail appears to only establish that (1) Mr. Whetstone was unable to return to work as a truck driver and (2) Fraley considered Plaintiff's job separation to have been *voluntary*—that is, that Mr. Whetstone had quit or abandoned his job. ECF No. 39-1.  Indeed, Mr. Whetstone appears to concede that he was unable to perform his job as a truck driver.  *See* ECF No. 40 at 4 ("After delivery of my load, the complications I experience[d] made me realize that I was unsafe to drive, therefore I reported my concerns to corporate officials as expected.").  And, the transcript and Resignation from Employment Agreement together establish only that, when he signed the Agreement on December 18, 2018, Mr. Whetstone believed his employment with Fraley had ended on November 1, 2018.

In other words, there is no undisputed evidence—other than Mr. Whetstone's own subjective belief—that Fraley took any adverse action against Mr. Whetstone, let alone one based on race, disability, or in retaliation for protected conduct.  *See, e.g., LaRochelle v. Wilmac Corp.*, 769 F. App'x 57, 60–61 (3d Cir. 2019) ("Voluntary resignation is not an adverse employment action.").  As such, Mr. Whetstone's Motion will be denied.

### B. Fraley's Motion for Summary Judgment Will Be Granted

In support of its Motion, Fraley argues that it is entitled to summary judgment because (1) in executing the Resignation from Employment Agreement, Mr. Whetstone knowingly and voluntarily waived any claims "arising" from the April 2018 work injury, including the ADA and Title VII claims he is pursuing here and (2) even if he did not waive his Title VII claims, Mr. Whetstone cannot establish a prima facie case of race-based discrimination.

#### 1. Mr. Whetstone Waived All Claims Arising from the April 2018 Work Injury

It is well-established that an employee can agree to release claims under the ADA or Title VII that he or she might have against a current or former employer.  *See EEOC v. Allstate Ins. Co.*

778 F.3d 444, 449 (3d Cir. 2015) (collecting cases). Courts analyze the validity of such waivers under a totality of the circumstances test. *See Cuchara v. Gai-Tronics Corp.*, 129 F. App'x 728, 731 (3d Cir. 2005). The Third Circuit has identified the following, non-exclusive, set of eight factors district courts should consider when performing this analysis:

> (1) the clarity and specificity of the release language;  (2) the plaintiff's education and business experience;  (3) the amount of time plaintiff had for deliberation about the release before signing it;  (4) whether plaintiff knew or should have known his rights upon execution of the release;  (5) whether plaintiff was encouraged to seek, or in fact received the benefit of counsel;  (6) whether there was an opportunity for negotiation of the terms of the Agreement;  and (7) whether the consideration given in exchange for the waiver and accepted by the employee exceeds the benefits to which the employee was already entitled by contract or law.

*Id.* (quoting *Cirillo v. Arco Chem. Co.*, 862 F.2d 448, 451 (3d Cir. 1988)). For factor eight, courts also consider "'whether there is evidence of fraud or undue influence, or whether enforcement of the agreement would be against the public interest.'" *Id.* (quoting *W.B. v. Matula*, 67 F.3d 484, 497 (3d Cir. 1995)). The release at issue here reads:

> Larry Whetstone hereby releases Fraley & Schilling, Inc. from any claim that he has or thinks he may have, if any, under the Family Medical Leave Act or any Pennsylvania laws related thereto;  the Americans with Disabilities Act; or any Pennsylvania laws related thereto;  or any other claims that may arise from his April 27, 2018 work injury.

ECF No. 14-1 at 17. Applying the totality of the circumstances factors, the Court finds that the Resignation from Employment Agreement clearly and specifically identified claims under the ADA and "any other claims that may arise from" the April 2018 work injury (factor 1);  that Mr. Whetstone, who has a college degree, had the necessary education to understand the release (2);  that Mr. Whetstone knew or should have known the rights he was compromising (4);  that Mr. Whetstone was assisted by counsel (5);  and that the agreement was supported by consideration (7). *See* ECF No. 37 ¶¶ 2, 11–12, and 13;  ECF No. 14-1 at 3, ¶ 4. There does not appear to be any evidence one way or the other about factors (3) or (6)—i.e., time to consider the agreement

10

and opportunity to negotiate.[4]  Finally, notwithstanding Mr. Whetstone's unsupported contention that his attorney was "was fighting against me for the company" and that the process was tainted by "duress and undue influence,"[5] *see* ECF No. 39 at 2–3, the Court finds the Worker's Compensation Judge's determinations that Mr. Whetstone "understands the full legal significance of the Agreement" and that "the Compromise and Release Agreement is fair and equitable to all parties involved" to be persuasive.  ECF No. 14-1 at 3, ¶¶ 4, 7.

Thus, viewed in the light most favorable to Mr. Whetstone, the undisputed facts—which, due to Whetstone's failure to follow LCvR 56.C, come almost entirely from Fraley's Concise Statement, ECF No. 37—demonstrate that Mr. Whetstone knowingly and voluntarily waived his claims under the ADA and "any other claims that may arise from his April 27, 2018 work injury." And, because it is undisputed that Mr. Whetstone's Title VII claims "arise" from the alleged discriminatory and retaliatory treatment Mr. Whetstone claims he received (as compared to white employees) on account of his work injury, the Court concludes that Mr. Whetstone's Title VII claims were also encompassed by the release.  Accordingly, Fraley's Motion will be granted.

### 2. Mr. Whetstone Cannot Establish a *Prima Facie* Case of Race-Based Discrimination or Retaliation

Finally, in addition to waiving his Title VII claims, the Court concludes Mr. Whetstone has not presented evidence to support a *prima facie* case of either discrimination or retaliation under Title VII.

To establish a *prima facie* case of unlawful discrimination under Title VII, a plaintiff must present evidence that (1) he is a member of a protected class;  (2) that he is qualified for the

---

[4] Unsupported contentions in Plaintiff's briefing are not evidence.  *See* ECF No. 39 at 3 (arguing Plaintiff only had "15 to 45 minutes" to consider the release).

[5] Indeed, even if we credit Plaintiff's assertions, the only source of duress or undue influence he identifies is financial pressure, which is insufficient to invalidate the release as a matter of law.  *See Cuchara*, 129 F. App'x. at 731 ("Under Pennsylvania law, absent a threat of actual bodily harm, there can be no claim of duress 'where the contracting party is free to consult with counsel.'") (quoting *Carrier v. William Penn Broad. Co.*, 233 A.2d 519, 521 (Pa. 1967)).

position; (3) that he suffered an adverse employment action; and (4) that the circumstances give rise to an inference that unlawful discrimination occurred. *See Jones v. Sch. Dist. of Phila.*, 198 F.3d 403, 410–11 (3d Cir. 1999). To establish a prima facie case of retaliation under Title VII a plaintiff must point to evidence that she "'(1) [he] engaged in activity protected by Title VII; (2) the employer took an adverse employment action against [him]; and (3) there was a causal connection between [his] participation in the protected activity and the adverse employment action.'" *Moore v. City of Phila.*, 461 F.3d 331, 340–41 (3d Cir. 2006) (discussing elements of *prima facie* case of unlawful retaliation under Title VII) (quoting *Nelson v. Upsala Coll.*, 51 F.3d 383, 386 (3d Cir. 1995)).

First, as relevant to both the discrimination and retaliation claims, Mr. Whetstone has not put forward evidence that he suffered an adverse employment action. *See LaRochelle,* 769 F. App'x at 60–61 ("Voluntary resignation is not an adverse employment action."). Specifically, the November 21, 2018 e-mail does not establish that Fraley took action against Mr. Whetstone, only that Fraley considered Mr. Whetstone's inability to return to work to constitute voluntary termination. *See* ECF No. 39-1. And, by the terms of the Compromise and Release Agreement and Resignation from Employment Agreement, Mr. Whetstone voluntarily resigned his position in exchange for a lump sum settlement of his Worker's Compensation claim. *See* ECF No. 14-1 at 17.

Second, with respect to Mr. Whetstone's discrimination claim, he has not presented evidence of circumstances giving rise to an inference of discrimination. Mr. Whetstone testified regarding other employees of Fraley who are allegedly (1) white and (2) received light duty assignments. *See* ECF No. 37 ¶¶ 18–24. However, this is not enough to generate an inference of discrimination—while alleged comparators need not be similarly situated to a plaintiff in *all*

respects, they must be "similarly situated in all *relevant* respects." *Parker v. Farley*, 625 F. App'x. 77, 82 (3d Cir. 2015) (citation omitted) (emphasis added). Because Mr. Whetstone has not presented even minimal comparator evidence—for example, the medical conditions suffered by the white employees who allegedly received light duty—Mr. Whetstone has not presented evidence sufficient to satisfy the fourth element of a *prima facie* case of discrimination under Title VII.

## IV. Conclusion

For the foregoing reasons, Mr. Whetstone's Motion for Summary Judgment will be DENIED. Fraley's Motion for Summary Judgment will be GRANTED, and Mr. Whetstone's Complaint will be DISMISSED.

DATED this 1st day of December, 2021.

BY THE COURT:

/s/ Christy Criswell Wiegand
CHRISTY CRISWELL WIEGAND
United States District Judge

cc (via ECF email notification):

All Counsel of Record

Mr. Larry St. Clair Whetstone (via U.S. Mail)